IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**RAY CHRIS MOBLEY,**

    Plaintiff,

vs.                                                Case No. 4:11cv270-MP/WCS

**JAMES TIM MOORE, et al.,**

    Defendants.

    _____/


## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se*, initiated this case on June 6, 2011, buy filing a motion for *in forma pauperis* status, doc. 2, and a civil rights complaint. Doc. 1. At that time, Plaintiff indicated he was in the Putnam County Jail in Georgia. Docs. 1, 2. Plaintiff was directed to supplement his *in forma pauperis* motion by providing a printout of his inmate bank account for the period of time between December 1, 2010, and May 31, 2011. Doc. 4. Plaintiff filed a response to that order, doc. 5, which was still deficient. Shortly thereafter, Plaintiff filed a motion to appoint counsel, doc. 6, and that was denied. Doc. 7. At this time, Plaintiff's *in forma pauperis* motion remains pending, but is deficient. Furthermore, Plaintiff filed a notice of change of address, doc. 8, which

suggests Plaintiff is now released from jail. It would not be appropriate to grant the prior motion, even if the supporting documents were sufficient to demonstrate Plaintiff's entitlement to *in forma pauperis st*atus because now that he is released from jail, he might be employed and have sufficient income to pay the filing fee.

More problematic is the fact that it has now been discovered that Plaintiff has filed 46 cases in this Court. Several of those cases have been dismissed *sue sponte* for failing to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff filed case 3:11cv269-MCR/EMT on June 6, 2011, and it was dismissed on July 12, 2011. Docs. 5, 11, 12. Plaintiff filed case 5:11cv170-RS/EMT on June 6, 2011, and it was dismissed on July 26, 2011. Docs. 7, 11, 12. Plaintiff initiated case 5:11cv288-MP/CJK on August 22, 2011, and it was dismissed on November 3, 2011. Docs. 7, 9, and 11.

At the time Plaintiff filed this case, he was a prisoner as defined by § 1915(h).[1] Under the relevant statute, a prisoner may not bring a civil action *in forma pauperis*:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff has had three or more prisoner actions dismissed in this Court alone for failing to state a claim. As Plaintiff is no longer in jail, he certainly cannot be in jeopardy of serious physical injury and, thus, his allegations do not bring

---

[1] The statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Case No. 4:11cv270-MP/WCS

him within the "imminent danger" exception. Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed *in forma pauperis* should be denied and this action should be dismissed without prejudice.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice,** and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**